IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BOBBY WAYNE LEE,

    Petitioner,

   v.                                                                 No. 1:15-cv-01233-JDB-egb
                                                                               No. 1:08-cr-10131-JDB-1

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 MOTION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

In September 2015, Petitioner, Bobby Wayne Lee, filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Petition"). (Case Number ("No.") 15-cv-1233, Docket Entry ("D.E.") 1.) For the reasons that follow, the Petition is DENIED.

Lee was indicted in December 2008 on two counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). (No. 08-cr-10131, D.E. 4 at PageID 5-6.) He subsequently entered a plea of guilty to the second count, (*id.*, D.E. 24; *id.*, D.E. 23), and the first count was dismissed, (*id.*, D.E. 48).

Defendant was determined to be subject to an enhanced sentence as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), based on two Tennessee convictions for aggravated assault. (Presentence Report ¶¶ 18, 28, 30; No. 08-cr-10131, D.E. 61 at PageID 109.) On February 16, 2010, he was sentenced to 130 months' imprisonment and four years of supervised release. (No. 08-cr-10131, D.E. 48.)

In his federal Petition, the inmate seeks relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). (No. 15-cv-01233, D.E. 1 at PageID 4.) He argues that *Johnson* renders unconstitutional his designation as a career offender under § 4B1.1 of the Guidelines.

Lee was released from prison in May 2017. (*See* No. 08-cr-10131, D.E. 74 at PageID 147.) Although currently on supervised release, (*see id.*), he has not notified the Court of his change of address.

Because a party's most basic responsibility is to keep the Court apprised of his whereabouts, Petitioner's failure to do so in this case is reason enough to deny the Petition. Even if considered on the merits, however, the Petition fails. On March 6, 2017, the Supreme Court refused to extend *Johnson*'s reasoning to the Guidelines' career offender provisions. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017).

Accordingly, the Petition is DENIED.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[1]

IT IS SO ORDERED this 17th day of April 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.